EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff

v.

ENDOSCOPIC MICROSURGERY ASSOCIATES, P.A., Defendant.

Civil No. JKB–10–2693.

United States District Court, D. Maryland.

May 5, 2011.

Maria Salacuse, Debra Michele Lawrence, U.S. Equal Employment Opportunity Commission, Baltimore, MD, for Plaintiff.

James A. Rothschild, Anderson Coe and King LLP, Baltimore, MD, Richard Bloch, Shiling Bloch and Hirsch PA, Towson, MD, for Defendant.

### MEMORANDUM AND ORDER

JAMES K. BREDAR, District Judge.

The EEOC has filed this lawsuit alleging Defendant's CEO and Owner Dr. Mark Noar and Defendant's Practice Administrator Martin Virga subjected various female employees to a sexually hostile and retaliatory work environment. (Compl. 1, ECF No. 1.) One of the claimants, Julie Johnson, resides now in South Carolina. (Pl.'s Let. 5/3/11 at 1.) On February 22, 2011, Defendant served a subpoena upon Johnson commanding her to appear in Baltimore, Maryland, for a deposition. Although the EEOC has attempted to produce out-of-state claimants in Maryland for depositions, it asserts that Johnson's circumstances would result in extreme hardship if she were required to travel to Maryland for a deposition. (*Id.*) It also argues that the Federal Rules do not require EEOC claimants to appear in the forum jurisdiction when they reside more than 100 miles from any possible deposition location therein. (*Id.* at 2.) Thus, the EEOC requests that the Court order the Defendant to depose Johnson within 100 miles of her residence or via videoconference. (*Id.*) Defendant argues,

conversely, that Johnson should be compelled to provide deposition testimony in Maryland because she joined this lawsuit and is seeking compensation for her alleged damages. (Def.'s Let. 5/5/11 at 2, ECF No. 21.)

 This same issue was recently addressed in an opinion by Magistrate Judge Paul Grimm of this Court. *EEOC v. Denny's, Inc.*, Civil No. WDQ–06–2527, Let. Order July 17, 2009, ECF No. 44, *aff'd*, 2009 WL 3246940 (D.Md. Oct. 2, 2009). Judge Grimm concluded that the EEOC claimants were not formal parties to the litigation and they did not "choose" the District of Maryland to be the forum for the case. *Id.* at 1. Those considerations aside, he focused on Rule 26(b)(2)(C) of the Federal Rules of Civil Procedure and found that, even if they were parties, the cost-benefit balancing factors of that rule still would militate in favor of deposing the out-of-state claimants via telephone or videotape, rather than in person. *Id.* The same considerations govern the instant case. The Court expressly adopts Judge Grimm's reasoning and applies it here.

Accordingly, Defendant has the option of either having its counsel travel to South Carolina and take an in-person deposition there within 100 miles of Johnson's residence or arranging for a videotaped deposition to be conducted via long distance. Defendant's subpoena is otherwise unenforceable. Because the issue is straightforward, no hearing is necessary, and the telephone conference previously scheduled for May 6, 2011, about this matter is hereby VACATED.

SO ORDERED.